**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**TERRELL ANTONIO HARRELL**                                        **PLAINTIFF**
**ADC #165868**

v.                   **CASE NO. 3:17-CV-00023 BSM**

**ALBERT WRIGHT, et al.**                                                **DEFENDANTS**

**ORDER**

Plaintiff Terrell A. Harrell filed a *pro se* civil rights complaint [Doc. No. 2] against defendants police chief Albert Wright, prosecutor Catherine Dean, and public defender John H. Bradley. Harrell claims he was wrongfully convicted. When Harrell filed his complaint, he was incarcerated at the Mississippi County Detention Center. *See* Doc. No. 1. Accordingly, his complaint is subject to automatic screening, and his claims must be dismissed if they are (1) frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Harrell's claim against Dean must be dismissed because she is immune from liability for her actions taken as a prosecutor. *See Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003). Harrell's claim against Bradley must also be dismissed. To be subject to suit under section 1983, a defendant must be acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Defense counsel, whether privately retained or publicly appointed, does not act under color of state law when representing a defendant in a criminal proceeding. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318-325 (1981).

Although Wright is subject to suit, Harrell's claims against Wright must also be dismissed because any judgment in Harrell's favor would imply the invalidity of his current incarceration. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the state conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*). There is no indication that Harrell's detention has been called into question by issuance of a federal writ of *habeas corpus*, and any judgment in his favor would certainly imply the invalidity of his continued incarceration.

For these reasons, Harrell's complaint is dismissed without prejudice, and an *in forma pauperis* appeal would not be taken in good faith. This dismissal counts as a "strike" for the purposes of 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 8th day of March 2017.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE